UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| CARLOS CLIFFORD LOWE, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Nos.: 3:05-CR-22-TAV-CCS-1 |
| | ) | 3:16-CV-714-TAV |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Before the Court is Petitioner's successive pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Docs. 52]. Petitioner bases his request for relief on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.*]. The United States responded in opposition on January 30, 2017 [Doc. 57]; Petitioner replied in turn on February 21, 2017 [Doc. 58]. For the reasons that follow, Petitioner's successive pro se § 2255 petition [Doc. 52] will be **DENIED** and **DISMISSED WITH PREJUDICE**.

### I. BACKGROUND

In 2005, a jury convicted Petitioner of possessing ammunition as a convicted felon, in violation of 18 U.S.C. § 922(g) [Doc. 30]. Based on four prior Tennessee convictions—one for third-degree burglary, one for aggravated assault, and two for rape, the United States Probation Office deemed Petitioner to be an armed career criminal subject to the ACCA's fifteen year mandatory minimum [Presentence Investigation Report (PSR) ¶¶ 23, 24, 33, 35,

37, 48, 89]. Consistent with that designation, this Court sentenced Petitioner to 235 months' imprisonment on February 28, 2006 [Doc. 30]. Petitioner appealed, but the Sixth Circuit affirmed his conviction and sentence on April 27, 2007 [Doc. 38]. Petitioner did not seek a writ of certiorari.

On July 8, 2008, Petitioner filed a motion to vacate, set aside, or correct his sentence [Doc. 40]. This court denied that motion on the merits in a Memorandum Opinion and Judgment Order entered on September 27, 2011 [Docs. 47, 48]. The Supreme Court issued the *Johnson* decision on June 26, 2015, and Petitioner requested leave to file a successive petition based on that decision. On November 11, 2016, this Court received the instant challenge to Petitioner's ACCA designation in light of the *Johnson* decision [Doc. 52]. The Sixth Circuit has authorized the filing [Doc. 51].

## II.  PETITION FOR COLLATERAL RELIEF

### A.  Standard of Review

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an

egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

**B.     Analysis**

The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1) (emphasis added). The provision defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). Only the third portion of the above definition—the residual clause—was held to be unconstitutionally vague by the Supreme Court in *Johnson*. 135 S. Ct. at 2563. The Court went on to make clear, however, that its decision did not call into question the remainder of the ACCA's definition of violent felony—the use-of-physical-force and enumerated-offense clauses. *Id.*; *United States v. Priddy*, 808 F.3d 676, 682–83 (6th Cir. 2015).

The validity of Petitioner's sentence thus depends on whether three or more of his prior convictions qualify as "serious drug offenses" under § 924(e)(2)(A) or, in alternative, "violent felonies" under one of the unaffected provisions of § 924(e)(2)(B). *See, e.g.*, *United States v. Ozier*, 796 F.3d 597, 604 (6th Cir. 2015) (denying petition where conviction

qualified as a predicate offense independent of the residual clause), *overruled on other grounds by Mathis v. United States*, 136 S. Ct. 2243, 2251 n. 1 (2016). To determine whether a particular offense qualifies as a violent felony under any of the prongs of the above definition, courts must first identify the precise crime of conviction. *Descamps v. United States*, 133 S. Ct. 2276, 2285 (2013). They do so by employing a "categorical approach," under which they looks "only to the statutory definitions—elements—of a defendant's prior offense, and not to the particular facts underlying [each individual] conviction[]." *Id.* at 2283. When the conviction involves violation of a "divisible" statute—one which comprises multiple, alternative versions of the crime—courts resort to the "modified categorical approach" under which they "consult[s] a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction." *Id.* at 2281.

The Court finds that at least three of the convictions used to categorize Petitioner as an armed career criminal categorically qualify as predicate offenses independent of the residual clause invalidated by the *Johnson* decision.[1] As a result, it finds that no collateral relief is warranted.

### 1. Third-Degree Burglary Conviction

At the time that Petitioner committed his burglary offense, Tennessee defined third-degree burglary as "breaking and entering into a business house, outhouse, or any other house of another, other than a dwelling house, with the intent to commit a felony," Tenn.

---

[1] Petitioner does not contest the accuracy of the information contained in his presentence report, but only the propriety of the Court's decision to use the predicate offenses listed therein as grounds for ACCA enhancement.

4

Case 3:16-cv-00714-TAV-DCP Document 9 Filed 04/12/17 Page 4 of 9 PageID #: 74

Code Ann. § 39-3-404(a) (1987), and, in a separate subsection, provided enhanced penalties for "any person who, with intent to commit a crime, breaks and enters, either by day or by night, any building whether inhabited or not, and opens or attempts to open any vault, safe, or other secure place by any means," Tenn. Code Ann. 39-3-404(b) (1987); *see also Church v. State*, 333 S.W.2d 799, 806 (Tenn. 1960) (quoting the relevant provisions).[2] Reference to Petitioner's state court indictment and judgment make clear that his conviction involved the subsection (a)(1)—burglary of a building, not subsection (b)—safecracking [Doc. 57-1 pp. 5–11 (evidencing burglary of a business)]. *See Hill v. United States*, No. 4:16-cv-75, 2016 WL 6892764 (E.D. Tenn. Nov. 22, 2016) (holding that burglary-of-a-building and safecracking are distinct crimes and, as a result, that the pre-1989 third-degree burglary statute is divisible under *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016)).

For purposes of § 924(e), the Supreme Court defines "burglary" as any conviction, "regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 599 (1990). The variant of third-degree burglary underlying Petitioner's conviction corresponds perfectly with *Taylor*'s generic

---

[2] Tennessee revised its burglary statutes on November 1, 1989, as part of the State's comprehensive criminal code revision. *See, e.g.*, *State v. Langford*, 994 S.W. 2d 126, 127–28 (Tenn. 1999). The pre-1989 version of the Tennessee Code criminalized six types of burglary offenses: (1) first-degree burglary, Tenn. Code Ann. § 39-3-401 (1982); (2) breaking after entry, Tenn. Code Ann. § 39-3-402 (1982); (3) second-degree burglary, Tenn. Code Ann. § 39-3-403 (1982); (4) third-degree burglary, Tenn. Code Ann. § 39-3-404(a)(1) (1982); (5) safecracking, Tenn. Code Ann. § 39-3-404(b)(1) (1982); and (6) breaking into vehicles, Tenn. Code Ann. § 39-3-406 (1982). Tennessee law now prohibits only three types of burglary: (1) burglary, Tenn. Code Ann. § 39-14-402 (2016); (2) aggravated burglary, Tenn. Code Ann. § 39-14-403 (2016); and (3) especially aggravated burglary, Tenn. Code Ann. § 39-14-404 (2016).

definition. *See, e.g.*, *United States v. Taylor*, 800 F.3d 701, 719 (6th Cir. 2015) (confirming, post-*Johnson*, that Tennessee third-degree burglary is categorically a violent felony under the enumerated-offense clause).[3]

## 2. Aggravated Assault Conviction

At the time Petitioner committed his aggravated assault offense, Tennessee defined the crime as follows:

(a) A person commits aggravated assault who:

(1) Intentionally or knowingly commits an assault as defined in § 39-13-101 and;

(A) Causes serious bodily injury to another; or

(B) Uses or displays a deadly weapon; or

(2) Recklessly commits an assault as defined in § 39-13-101(a)(1), and:

(A) Causes serious bodily injury to another; or

(B) Uses or displays a deadly weapon.

(b) A person commits aggravated assault who, being the parent or custodian of a child or the custodian of an adult, intentionally or knowingly fails or refuses to protect such child or adult from an aggravated assault as defined in subdivision (a)(1) or aggravated child abuse as defined in § 39-15-402.

---

[3] In *Mathis v. United States*, 136 S. Ct. 2246 (2016), the Supreme Court held that a prior conviction cannot qualify as a generic form of a predicate violent felony if a locational element of that crime is made broader than an element of the generic offense by way of an enumerated list of alternative factual means for satisfaction of the former. Unlike the Iowa statute at issue in *Mathis*, however, the Tennessee statutes at issue here do not contain any "alternate ways of satisfying a single locational element" that fall outside *Taylor*'s definition of generic burglary. Rather, the phrase "business house, outhouse, or any other house of another, other than a dwelling house" aligns with generic burglary's elemental requirement that the breaking or entering be of a "building or structure." As such, *Mathis* has no impact on the Court's ability to categorize Petitioner's third-degree burglary conviction as a violent felony under the enumerated-offense clause.

6

> (c) A person commits aggravated assault who, after having been enjoined or restrained by an order, diversion or probation agreement of a court of competent jurisdiction from in any way causing or attempting to cause bodily injury or in any way committing or attempting to commit an assault against an individual or individuals, intentionally or knowingly attempts to cause or causes bodily injury or commits or attempts to commit an assault against such individual or individuals.

Tenn. Code Ann. § 39-13-102 (1999). The statute went on to specify that a violation of "subdivision (a)(1) [was] a Class C felony," and that violation of "subdivision (a)(2) [was] a Class D felony." Tenn. Code Ann. § 39-13-102(d)(1) (1999). The statute is divisible because it lists several different variants of the offense. *See, e.g.*, *United States v. Cooper*, 739 F.3d 873, 879 (6th Cir. 2014) (recognizing that Tenn. Code Ann. § 39-13-102 "can be offended in a number of ways"). The fact that subsections (a)(1) and (a)(2) are classified as different degrees of felony further confirms that the provision is divisible. *See, e.g.*, *Mathis*, 136 S.Ct. at 2256 (explaining that "statutory alternatives [that] carry different punishments . . . must be elements.").

For purposes of § 924(e)(2)(B)(i), "the phrase 'physical force' means violent force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 130 S. Ct. 1265, 1271 (2010). Any level of force is sufficient so long as it is capable of causing any injury, "regardless of [the injury's] gravity or duration." *United States v. Evans*, 699 F.3d 858, 863 (6th Cir. 2012). The Court must look to the "minimum conduct criminalized" to determine whether the variant underlying Petitioner's conviction categorically involves force sufficient to satisfy the use-of-physical-force clause. *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684 (2013).

7

Reference to Petitioner's state court indictment and judgment make clear that his conviction involved the knowing and intentional variant—Tennessee Code Annotated § 39-13-102(a)(1) [Doc. 57-1 pp. 17–20]. This variant categorically involves the use or threatened use of force sufficient to satisfy the ACCA's use-of-physical-force clause. *See* Tenn. Code Ann. § 39-11-106(5) (2003) (defining "deadly weapon" as either "a firearm or anything manifestly designed, made or adapted for the purpose of inflicting death or serious bodily injury; or . . . [a]nything that in the manner of its use or intended use is capable of causing death or serious bodily injury"); *see also United States v. Arender*, 560 F. App'x 648, 649 (8th Cir. 2014) (finding that a Tennessee aggravated assault conviction based on display of a deadly weapon had "as an element the threatened use of physical force[,] . . . capable of causing pain or injury").

### 3. 1977 Rape Conviction

At the time of Petitioner's first rape offense—1977 [PSR ¶ 33; Doc. 57-1 pp. 2–3], Tennessee defined rape as "the unlawful carnal knowledge of a woman, forcibly and against her will." *State v. Washington*, 661 S.W.2d 900, 904 (Tenn. Crim. App. 1983) (quoting Tennessee Code Annotated § 39-3701 (1976)). State courts interpreted the provision to require both that the defendant "penetrate the victim by the use of force" and that "the victim have resisted in every way possible." *Overton v. State*, 874 S.W.2d 6, 11 (Tenn. 1994). Because the crime invariably required penetration by the use of force against a victim resisting the same, violation of the provision necessarily involved the use of force capable of causing physical pain or injury.

8

Because at least three of his prior convictions remain predicates under provisions unaffected by the *Johnson* decision, Petitioner is not entitled to relief from ACCA enhancement. As a result, the Court finds that it need not address the status of Petitioner's 1985 rape conviction.

### III.   CONCLUSION

For the reasons discussed, Petitioner's successive pro se § 2255 petition [Doc. 52] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

   **AN APPROPRIATE ORDER WILL ENTER.**

                                                         s/ Thomas A. Varlan
                                                         CHIEF UNITED STATES DISTRICT JUDGE